IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HANNAH MACKAY, et al.,

      Plaintiffs,                          No. CIV S-07-1806 GEB DAD PS

      vs.

HILLCREST MOBILE HOME          ORDER
PARK, et al.,

      Defendants.
_____/

      Plaintiffs are seven individuals proceeding pro se. Five plaintiffs appear to reside in California. Two appear to reside at separate addresses in Alaska. The two Alaska plaintiffs and one California plaintiff filed applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, one of the three applications was not properly completed, and documentation attached to the complaint suggests that the remaining California plaintiffs may not qualify to proceed in forma pauperis. Although all plaintiffs were granted ample time to apprise the court of current addresses and file properly completed in forma pauperis applications, or pay the filing fee, only two plaintiffs have responded to the court's previous orders in this regard.

      The court has determined that some of the plaintiffs must now proceed separately on their own claims. The Federal Rules of Civil Procedure provide that parties may be dropped or added by order of the court on the court's own initiative at any stage of the action and on such

1

terms as are just; any claim may be severed and proceeded with separately.  Fed. R. Civ. P. 21.  Courts have broad discretion regarding severance.  See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

Here, plaintiffs are widely dispersed geographically.  Some plaintiffs qualify for in forma pauperis status, while others have failed to demonstrate that they qualify but have not paid the required filing fee.  It is evident from the record that plaintiffs are not in communication with each other or that some of the plaintiffs have abandoned this litigation.  In the court's experience, an action brought by multiple plaintiffs proceeding pro se presents procedural problems that often cause delay and confusion.  Delay often arises from changes of address and from the difficulties faced by pro se individuals who must communicate with each other regularly regarding legal matters, often within time constraints.

For these reasons, the court will order that plaintiffs' claims be severed into three cases.  The California plaintiffs, i.e., Hannah MacKay, Daniel Schoenstein, Lexi Schoenstein, Collin Schoenstein, and Elizabeth Christopher, will proceed in this action, while plaintiff Dianne Nelson and plaintiff Ronald Wright will proceed in two separate individual civil actions to be opened by the Clerk of the Court.  Each of the latter plaintiffs will proceed with his or her own action and will be solely responsible for his or her own action.  For judicial efficiency, the Clerk of the Court will be directed to assign the two new cases to the same district judge and magistrate judge assigned to the present case.  The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this assignment.

Plaintiff Nelson will be provided with an in forma pauperis application form, which she must complete fully and return to the court for filing in her new case.  Plaintiff Wright will be required to provide an address at which mail can be sent directly to him, or show good cause for not providing such an address.

All plaintiffs are reminded that an individual representing himself or herself without an attorney cannot represent any other party proceeding pro se.  Pro se plaintiffs, like

other plaintiffs, are bound by the Federal Rules of Civil Procedure and by the Local Rules of Practice.  Failure to comply with rules and court orders may be ground for dismissal or for any other appropriate sanction.  See Local Rule 83-183(a).  All parties must keep the court apprised of a current address at all times.  To report a change of address, the party must file a document titled "Notice of Change of Address," as the Clerk is not required to review every filing and compare the address with the party's address of record.

    Accordingly, IT IS HEREBY ORDERED that:

    1.  The claims of plaintiffs Dianne Nelson and Ronald Wright are severed from the claims of plaintiffs Hannah MacKay, Daniel Schoenstein, Lexi Schoenstein, Collin Schoenstein, and Elizabeth Christopher;

    2.  Plaintiffs Hannah MacKay, Daniel Schoenstein, Lexi Schoenstein, Collin Schoenstein, and Elizabeth Christopher will proceed in case No. CIV S-07-1806 GEB DAD PS, while plaintiffs Dianne Nelson and Ronald Wright will proceed in two separate civil actions;

    3.  The Clerk of the Court is directed to:

      a.  Open two new civil actions for plaintiffs Nelson and Wright;

      b.  Assign each of the new actions to the same district judge and magistrate judge to whom case No. CIV S-07-1806 GEB DAD PS is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

      c.  File and docket a copy of this order in this case and in the new actions opened for plaintiffs Nelson and Wright;

      d.  Place a copy of the complaint filed August 31, 2007 (Doc. No. 1) in the new actions opened for plaintiffs Nelson and Wright;

      e.  Place a copy of plaintiff Wright's application to proceed in forma pauperis filed August 31, 2007 (Doc. No. 2, pages 1 and 2 only) in the action opened for him;

    f. Place a copy of plaintiff Nelson's application to proceed in forma pauperis filed August 31, 2007 (Doc. No. 2, pages 3 and 4 only) in the action opened for her;

    g. Send plaintiff Nelson a notice of the case number assigned to her individual action; and

    h. Send plaintiff Wright a notice of the case number assigned to his individual action;

   4. The Clerk of the Court is directed to send plaintiff Nelson a form Application to Proceed In Forma Pauperis in a civil case;

   5. Plaintiff Nelson is granted twenty days from the date of this order to file a new application to proceed in forma pauperis, using the form provided by the court with this order. The new application must bear the case number assigned to plaintiff Nelson's own individual case. Failure to file a timely new application to proceed in forma pauperis in accordance with this order will result in a recommendation that plaintiff Nelson's action be dismissed without prejudice; and

   6. Plaintiff Wright is granted twenty days from the date of this order to file a notice of change of address providing an address where mail can be sent directly to him, or show good cause for not doing so. The notice of change of address or declaration of good cause must bear the case number assigned to plaintiff Wright's individual case. Failure to file a timely notice of change of address or declaration of good cause will result in a recommendation that plaintiff Wright's action be dismissed without prejudice.

DATED: October 13, 2009.

                DALE A. DROZD
                UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\mackay1806.ord.sever